A truck of the Builders' Supply Company, Inc., driven by one John Williams, and defendant's passenger car, at the time operated by him, collided in the intersection of Herndon and Creswell Streets in the City of Shreveport, in the daytime.
Traffic on Creswell Street, by city ordinance, has right-of-way over that on Herndon. The truck was traveling north on Creswell while the car was traveling easterly on Herndon.
John Williams was injured in the accident and his employer and its insurer, New Amsterdam Casualty Company, plaintiff herein, recognized that disability resulted from his injuries and paid him five weeks' Workmen's Compensation at $9.75 per week; and thereafter a compromise settlement was effected with Williams whereby he was paid by the insurer an additional $243.75, being compensation at said rate for twenty-five weeks. The insurer also paid physician and sanitarium bills incurred in treating his injuries, amounting to $143.70; attorney's fees of $25.00 for preparing the petition, etc. to consummate the compromise and $3.50 court costs incurred in connection therewith. These amounts aggregate $464.70.
Under the provisions of the insurance policy and the Workmen's Compensation Law, Act No. 20 of 1914, by paying said amounts the insurer to that extent became subrogated to the rights and rights of action of John Williams against defendant.
This suit was instituted by the insurer to recover judgment for said amount and also for reasonable attorney's fee on the theory that the accident happened solely because of defendant's negligence. Specifically, it is alleged that the negligence and carelessness of defendant in the following instances accounts for the accident, to-wit:
That he proceeded into the intersection without first ascertaining that it was safe to do so; that he failed to heed the stop sign, plainly visible to everyone, directing motorists on Herndon Street to come to a complete stop before attempting to enter or cross Creswell Street; that he violated the ordinance of the City of Shreveport making Creswell Street a right-of-way street at this intersection; that he did not keep a proper lookout and did not at the time have his car under complete control.
Defendant admits the accident happened, but denies that it occurred because of any negligence or carelessness on his part; and in all other respects denies the allegations of the petition. He affirmatively avers that the accident is solely ascribable to the contributory negligence of John Williams, but he does not make this defense in the alternative. Several specific acts of negligence by Williams are set up. Defendant reconvened and sued plaintiff as the insurer of John Williams and the Builders' Supply Company, Inc., for damage done his car and for personal injuries to himself, being results of the accident.
Judgment was awarded plaintiff in the sum of $448.20 with interest, plus attorney's fee of $75. Defendant's reconventional demand was rejected and he prosecutes this appeal. Plaintiff has answered the appeal, praying that the attorney's fee be increased to $149.40, being one-third of the amount recovered, which, it is alleged, is a reasonable and proper fee in the case.
Briefs of counsel narrow the issues to one, to-wit: Whose negligence caused the accident? The record is barren of any doubt on the subject. *Page 347 
The truck was on its proper side of Creswell Street, traveling at a speed well within the legal limit for motor vehicles on that street. It had the right-of-way over traffic entering from intersecting streets, including Herndon. Its driver had the right to assume, as he doubtless did, that his superior right-of-way would be respected. So long as he did not exceed the legal speed limit and remained on his side of the street he was not called upon nor required to watch for traffic suddenly coming from the intersecting streets.
Defendant lives in and is well acquainted with traffic rules and regulations prevailing in the City of Shreveport. He admits that he did not observe the stop sign on Herndon Street west of the intersection but entered thereon without stopping. He says that he reduced his speed, and probably did so to some extent, still he was driving so fast that after observing the approach of the truck it was impossible for him to stop. He ran his car in front of the truck in the northeast quadrant of the intersection.
Defendant argues that Williams had the last clear chance to prevent the accident. Williams testified that he saw defendant approaching the intersection at a rapid speed when at a distance of "three or four houses" therefrom. Naturally, he assumed that defendant would observe the law and the traffic signs by stopping before attempting to cross the intersection. He did not know differently until defendant drove into the intersection and then it was too late to stop the truck before the collision. He tried to turn east into Herndon Street, but was unsuccessful in this effort.
The record clearly absolves Williams from the charge of negligence against him. To the same extent it proves beyond any doubt that the negligence of defendant was the sole and the proximate cause of the accident.
The attorney's fee allowed by the lower court was intended to compensate plaintiff's counsel for services rendered in that court. The case having been appealed and retried here, it is obvious, the fee should be increased. We think $50 for services in this court fair and reasonable.
Therefore, for the reasons herein assigned, the judgment appealed from is amended by increasing the attorney's fee to $125 and as thus amended, the judgment is affirmed with costs.